Filed 1/28/22  P. v. Sullivan CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CAROL ELAINE SULLIVAN,<br><br>    Defendant and Appellant. | E077842<br><br>(Super.Ct.Nos. FMB20000425 &<br> FMB20000574)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The court found defendant and appellant, Carol Elaine Sullivan, in violation of her probation in two separate cases, revoked her probation, and sentenced her to concurrent

1

terms of two years of imprisonment. After defendant filed a notice of appeal, this court appointed counsel to represent her.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and identifying one potentially arguable issue: whether the court erred in terminating defendant's probation in both lower court cases and sentencing her to state prison. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 4, 2020, an officer responded to a report of a vehicle theft. The victim reported he parked his car and entered his coffee shop, leaving the car running with his dog in the back seat. About an hour later, one of the victim's employees informed him that his car was no longer in its parking space. His employee reported that he saw a woman walk up to the victim's vehicle, look inside the driver's side window, reach through the window, open the door, get in, and drive off. The victim reported the vehicle stolen.

The victim retrieved video surveillance of the woman taking his car. The responding officer captured several digital photographs from the video.

Later that night, another officer observed the victim's vehicle parked in front of a residence. As the officer stopped, a man flagged the officer down and reported that his daughter had driven him in the victim's car to the residence; she ran behind the house when the officer arrived.

The officer encountered defendant behind the house. Defendant admitted taking the victim's car, which she said belonged to her sister; she took it in order to give it back to her sister. The officer arrested defendant.

The victim noted that several items in the vehicle were missing, including a wireless router and computer cables. The victim recovered his dog from the residence.

On September 9, 2020, the People charged defendant with taking a vehicle without consent (Veh. Code, § 10851, subd. (a), count 1) (case No. FMB20000425). On September 15, 2020, defendant pled guilty to the unauthorized use of a motor vehicle (Veh. Code, § 10851, subd. (a), count 1). As provided in the plea agreement, the court sentenced defendant to three years of felony probation and dismissed another case of defendant's.

Defendant was released from custody on September 15, 2020, but failed to report to probation. On September 20, defendant was arrested for petty theft; she was released on September 21. On October 20, officers conducted a visit at defendant's last know residence; the home was abandoned. On October 28, personnel from the probation department filed a petition for revocation of defendant's probation. The probation officer alleged defendant violated the terms of her probation that she violate no law and that she report to probation.

On November 19, 2020, the People charged defendant by felony complaint with assault upon a peace officer (Pen. Code, § 245, subdivision (c), count 1) (case No. FMB20000574). On December 3, 2020, defendant pled guilty to an interlineated count 3

3

charge of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) and admitted violating her probation in case No. FMB20000425.

On January 4, 2021, pursuant to the plea agreement in case No. FMB20000574, the court reinstated defendant's probation in case No. FMB20000425 and ordered her released to a mental health court treatment program after serving 67 days in jail, with credit for 60 days. The court also granted defendant three years of felony probation, releasing her to the mental health court treatment program.

On January 25, 2021, the court revoked defendant's probation in both cases when she failed to appear for her mental health court review hearing. On April 19, in case No. FMB20000425, the court ordered defendant released back to mental health court after serving 100 days in jail, with credit for 90 days. In case No. FMB20000574, the court also released defendant back to mental health court; the court ordered defendant to serve 100 days in a jail with credit for 93 days.

On May 3, 2021, the court revoked defendant's probation in both cases after she failed to appear at her mental health court hearing. At a hearing on July 12, the court observed that defendant had been screened and found ineligible for mental health court. The court also observed that defendant had been charged with a new misdemeanor offense.

At the hearing July 26, 2021, the court found defendant in violation of her probation in both cases. Defense counsel argued defendant should be released back on probation. The People argued that sentencing was appropriate as defendant had been unsuccessful in mental health court on two grants of probation. The court observed: "It

4

does weigh heavily in the Court's mind she was on two grants of felony probation and then did also pick up a new misdemeanor case."

In case No. FMB20000574, the court revoked defendant's probation and imposed the low term of two years of imprisonment, awarding her 147 days of credit. In case No. FMB20000425, the court also revoked defendant's probation and sentenced her to the low term of two years of imprisonment to be served concurrently to that in case No. FMB20000574; the court awarded her 159 days of credit. The court dismissed the misdemeanor case on the People's motion.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which she has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III. DISPOSITION

The judgments are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
Acting P. J.

We concur:


SLOUGH_____
                    J.

FIELDS_____
                    J.

5